John J. Walsh, J.
Upon arraignment on a District Attorney’s information charging defendant with a previous felony conviction the defendant acknowledged that he was the same person who was previously convicted of a felony and -waived his right to a jury trial. As required by section 1943 of the Penal Law as amended, the court warned the defendant that he was privileged to challenge the constitutionality of such previous felony conviction. Thereupon, the defendant orally stated that the previous felony conviction was based upon his plea of guilty which he now -claims was induced iand coerced by the fact that he had signed a confession which was not voluntary and w-as taken in violation of his constitutional rights.
The statute is silent as to the proper method of procedure to be followed when such a claim is made at the time of sentence as a multiple offender.
It is certainly not a motion for resentence but more in the nature of coram nobis.
Our Court of Appeals has held that such a claim is not a proper subject for coram nobis. In People v. Nicholson (11 N Y 2d 1067, 1068) the court held: “If ia defendant desires to contest the voluntariness of his confession, he must do so by pleading not guilty, and then raising the point upon the trial; he may not plead guilty and then, years later, at a time when the prosecution is perhaps unable to prove its case, assert this alleged constitutional violation. The issue as to whether the confession was illegally obtained is waived by the guilty plea. ’ ’
This court can find nothing in the recent case of People v. Huntley (15 N Y 2d 72) which seems to change in any way the Nicholson case.
This court will consider the claim made in the ins-tant case under “ legal cause ” (Code Crim. Pro., § 480) and overrule the same. The defendant will be sentenced as a second offender.